IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS THAGGARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:04CV200-M |
| | ) | [WO] |
| STATE OF ALABAMA | ) | |
| DEPARTMENT OF YOUTH | ) | |
| SERVICES, J. WALTER WOOD, | ) | |
| and G.W. BOOKER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the defendants' Motion to Reconsider (Doc. #20), filed on 12 October 2004. For the reasons set forth herein, the motion (Doc. #20) is granted.

**I.   BACKGROUND**

The present action is subsumed in ***United States v. Frazer***, 317 F. Supp. 1079 (M.D. Ala. 1970)["***Frazer***"], a case initiated by the United States government against the State of Alabama to mandate enforcement of federal statutes and regulations to end race discrimination in public hiring practices. The U.S. government accused the State of Alabama, through its Personnel Board, of "follow[ing] and continu[ing] to follow a policy of racial discrimination against Negroes in the selection and appointment of employees in ... Alabama agencies" ***Id***. at 1082.

Federal government officials made repeated attempts, from 1963 until 1968, when *Frazer* was filed, to persuade Alabama state personnel officials "to adopt a regulation expressly prohibiting discrimination on the ground of race or color and containing appropriate provisions for appeals in cases of alleged discrimination." *Id*. at 1085. Officials refused, and the court noted that "*Alabama is the only state among the fifty states which has refused to adopt such a regulation.*" *Id*.

Court review of personnel data from various Alabama state agencies revealed a pattern of systemic discrimination against African Americans in Alabama's state hiring and promotions process, violating the Equal Protection Clause of the Fourteenth Amendment. *Id*. at 1085-90.

The *Frazer* consent decree[1] was enacted thereafter (Doc. #6, p. 3), to remedy the effects of past discrimination. One provision in the consent decree was the so-called no-bypass rule, pursuant to which a lower ranking white candidate on a state register could not be selected over a higher ranking African American candidate. This court retained

---

[1]
> The racial discrimination in this case has so permeated the employment practices of the defendants that this Court finds it necessary to enter a detailed and specific decree which will not only prohibit discrimination but which will also prescribe procedures designed to prevent discrimination in the future and to correct the effects of past discrimination. ***A decree will be entered accordingly***. (Emphasis added).

jurisdiction over the *Frazer* decree.[2]

## II.   PROCEDURAL HISTORY

Thomas Thaggard ["Thaggard"], a Caucasian male, filed this suit on 4 March 2004 against the State of Alabama Department of Youth Services ["DYS"], DYS Director of Institutional Services G.W. Booker ["Booker"], and DYS Executive Director J. Walter Wood ["Wood"], alleging intentional and systemic race discrimination in violation of the Thirteenth and Fourteenth Amendments pursuant to the United States Constitution and 42 U.S.C. §§ 1981, 1985, and 1983.  (Doc. # 1, p. 3).  The defendants filed a Motion to Dismiss on 1 April 2004 (Doc. #5).

The court granted the motion (Doc. #5), in part, and denied the motion, in part (Doc. #18).  A judgment was entered on 7 October 2004, dismissing all claims except the claim for intentional discrimination against Booker and Wood in their individual capacities (Doc. #19).  On 12 October 2004, the defendants filed a Motion to Reconsider (Doc. #20).

---

[2]The court notes that the Frazer consent decree   - specifically the no-bypass rule -   is now under consideration by the court.  On 20 May 2005, the court entered an order granting an intervenor's request for preliminary relief.  In the order, the court found that "a significant change in circumstances warrants" a suspension of the no-bypass rule".  ***United States v. Flowers***, Civil Action No. 2:68CV2709-T (May 20, 2005, Doc. # 735). Thus the rule is not currently in effect.  However, at the time the selections decisions were made in this case, i.e., November 2003, the no-bypass rule was in full effect, and the defendants were bound by it.

3

### III.   DISCUSSION

The defendants argue that "[i]n light of the Court's finding that *Frazer* governed these promotions, and in light of the finding that the Defendants correctly followed *Frazer*, ... qualified immunity applies as a matter of law" (Doc. #20, p. 1).

Upon careful consideration of the rule articulated in ***Moniz v. City of Fort Lauderdale***,[3] 145 F. 3d 1278, 1282-83 (11th Cir. 1998) (where the court has approved a consent decree requiring the use of race as a factor for making promotions decisions, the doctrine of qualified immunity bars suit against persons in their individual capacities for applying the principles of the decree, because their adherence demonstrates a desire to uphold the law rather than a willingness to violate it),[4] the court agrees.[5] *See also* ***Sims et al.***

---

[3] "We are aware of no legal authority – and [Thaggard] points to none – that would have put [Woods and Booker] on notice that their consideration of race as a factor in making promotion decisions consistent with a consent decree the validity of which remains in force would violate [Thaggard's] equal protection rights." ***See id***. at 1283.

[4] Michael Moniz, a white male officer in the Fort Lauderdale Police Department, sued the department and persons holding the chief of police positions, in their individual and official capacities, between 1992 and 1996 (the period where he was one of the top five candidates on a list for promotion nine times). He alleged reverse race discrimination. *Id*. at 1279.

The City of Fort Lauderdale had been operating pursuant to a federal consent decree entered in 1980. The decree was effective when this case was filed. "The consent decree requires the City to adopt a goal of selecting African American and women candidates for promotion in the police and fire departments ..." *Id*. at 1282. Three of the nine promotions were given to blacks, and these are the promotions Moniz complained about. Although Moniz was told that race was a factor in order to foster diversity when making the promotion decisions, the Eleventh Circuit nevertheless held that:

> The "appellants could not have been on notice that the promotion decisions for which Moniz holds them responsible would violate his rights under clearly established law. To the contrary, a reasonable government official ... could have believed that the actions alleged in

4

*v. Montgomery County Commission, et al.*, 873 F. Supp. 585 (M.D. Ala. 1994).[6]

### IV. CONCLUSION

For the reasons set forth herein, it is hereby ORDERED as follows:

1.      The Motion for Reconsideration (Doc. #20) is GRANTED; and

2.      The Motion to Dismiss (Doc. #5) the claims against Wood and Booker in their individual capacities, to the extent that they challenge the promotions of

---

Moniz's complaint were entirely consistent with established law. *Id*.

The circumstances in the instant case are similar. Thaggard alleged reverse racial discrimination as Moniz did. Booker and Woods upheld the requirements of a federal consent decree which was then in force and which was designed to remedy past discrimination in the state's hiring practices. Based on the similarity of the facts, the outcome in this case should be the same as the outcome in *Moniz*. Therefore, qualified immunity should preclude damages against Booker and Woods in their individual capacities.

[5]
> In light of the foregoing, we cannot say that a reasonable government official in appellants' position should have known that the use of race as a factor in selecting candidates for promotion in the manner that the challenged promotion decisions were made in this case would be unconstitutional. We conclude, therefore, that, having violated no clearly established law, appellants are entitled to qualified immunity as a matter of law. *Id*. at 1283.

[6]
> Here, this court actually approved the defendants' actions, thereby implicitly giving the impression that their actions were allowed by law ... Under these circumstances, where a defendant has acted not just pursuant to a general court order or the general wording of a consent decree but to a specific court order authorizing their conduct – they are entitled to qualified immunity. See ***Wilson v. Bailey***, 934 F. 2d 301, 304 n.1 (11th Cir. 1991)(because "Personnel Board Members acted pursuant to a consent decree approved by a district judge," they were entitled to qualified immunity).

***Sims et al. v. Montgomery County Commission, et al.***, 873 F. Supp. at 611.

   Hardley and Rankins is GRANTED.

3. This case is hereby DISMISSED.

Done this 13th day of June, 2005.

          /s/ Vanzetta Penn McPherson
          VANZETTA PENN MCPHERSON
          UNITED STATES MAGISTRATE JUDGE